IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID FRANKLIN WEST, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-235-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner David Franklin West ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

### I.    BACKGROUND

On March 3, 2016, Petitioner was tried by a jury and found guilty of two counts of possession of a controlled substance out of the 69th District Court of Dallam County, Texas, for which he was sentenced to 30 years and 10 years confinement, respectively. *See State v. Hicks*, No. 31,382-B; (ECF 23-15 at 140-41). On appeal, the Seventh Court of Appeals of Texas affirmed the judgment of the trial court. *West v. State*, Nos. 07-16-00137-CR & 07-16-00138-CR, 2018 WL 1868045 (Tex. App.—Amarillo Apr. 18, 2018, pet. ref'd) (mem. op., not designated for publication). On October 24, 2018, the Texas Court of Criminal Appeals ("TCCA") refused discretionary review. *West v. State*, No. PD-0698-18. Because Petitioner did not file a petition for certiorari in the Supreme Court, his conviction became final ninety days later, on January 22, 2019,

when the time for seeking further direct review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); Sup. Ct. R. 13.

On April 6, 2020, Petitioner filed two, identical state habeas applications challenging his convictions. (ECF 23-39 at 14–91, 105); *In re West*, No. WR-91,292-01. The state habeas application was denied without written order on September 9, 2020. (ECF 23-38). Petitioner's instant habeas action was placed in the prison mailing system on October 21, 2021. (ECF 1 at 10).

## II.     PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reason(s): Petitioner claims (1) the trial court lacked subject-matter jurisdiction, (2) deficiencies in the indictment, (3) violation of due process because the "tetrahydrocannabinol" he was in possession of was not a controlled substance, (4) he was denied a fair and impartial jury because the jury foreman was a guard at Petitioner's place of confinement, (5) that he has a prescription for use of medical marijuana in the State of Washington and is immune from prosecution, (6) the trial court impersonated a regional administrative judge, (7) ineffective assistance of appellate counsel where counsel failed to fully brief the case, (8) violation of due process and private human right not to be named in any statute as merely a "person" or "any person," (9) the trial court unconstitutionally operated the court under "a gold fringed flag of admiralty jurisdiction." (ECF 1 at 4, 6–8, 11–15).

In his Objection to the Respondent's Preliminary Answer, Petitioner further asserts that there was no corpus delecti, that the State operated with unclean hands, that the judgment is void because the trial court lacked jurisdiction, and that he was prosecuted under an unconstitutional law and is not subject to the law without consent. (ECF 24).

## III.     RESPONSIVE PLEADINGS

On March 9, 2022, Respondent filed a Preliminary Answer asserting Petitioner's habeas

2

application should be dismissed with prejudice because it is barred by the AEDPA statute of limitations. (ECF 22 at 1). Petitioner filed an "Objection" to Respondent's Preliminary Answer. (ECF 24). Petitioner states that his habeas petition "should in no way be dismissed with or without prejudice due to the absolute fact that his claims are not time-barred." (*Id*. at 2). Petition argues that AEDPA does not apply to him, because he has "never been accused of being a terrorist or subject to the death penalty," and that his jurisdictional challenges can be made at any time, because they render the judgment void. (*Id*. at 35).

## IV. STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a onr-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D)

3

clearly applies and triggers a later begin date.

The one-year period of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment and sentence for Petitioner's conviction was entered on March 9, 2016. *See State v. Hicks*, No. 31,382-B; (ECF 23-15 at 140-41). Petitioner appealed and on October 24, 2018, the TCCA denied his petition for discretionary review. *West v. State*, No. PD-0698-18. Petitioner did not file a petition for certiorari in the Supreme Court and his conviction became final ninety days later, on January 22, 2019. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires). Therefore, the limitations period for Petitioner's conviction expired on January 22, 2020.

Petitioner's October 21, 2021 filing of the instant action occurred approximately 21-months after the limitations period expired for his conviction. While Petitioner submitted a state habeas action on April 6, 2020, which the TCCA denied without written order on September 9, 2020, such action does not toll the limitations period under 28 U.S.C. § 2244(d)(2) where such time frame has already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *In re West*, No. WR-91,292-01.

## V.  EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id.* at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a

4

litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, Petitioner has not asserted, much less sufficiently demonstrated, that he is entitled to equitable tolling of the limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"). Nothing in the record suggests the state misled Petitioner. Moreover, the record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction.

Petitioner's arguments regarding constitutional and jurisdictional issues include reference "maritime contract" and "admiralty jurisdiction," (ECF 1 at 6), that as the general executor and equitable title of the "estate/ cestui que trust: David Franklin West" he is "not subject to any rule, regulation, ordinance, code or statute" without personal consent (*id*. at 14), and that the trial court was operated "under a foreign flag" in reference to "a gold fringed flag of admiralty justice." (*id*.

at 15). The Court is puzzled by Petitioner's claims, which are vague and indecipherable, but, in essence, appear to raise a claim that he is somehow exempt from state criminal prosecution and entitled to release from state prison because he had not consented to the laws of the State of Texas and was subject to "admiralty jurisdiction." In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a). Petitioner's claims, as interpreted by the Court, do not entitle him to relief. His reliance on a so-called "sovereign citizen" theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court. *Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases).

Petitioner also argues that his late filing should be accepted due to the COVID-19 pandemic. (ECF 1 at 9). Petitioner's argument that "COVID-19 slowed down my case progress" does not support equitable tolling where his limitations period expired in January 2020, months prior to the onset of the pandemic in March 2020. Further, the existence of the COVID-19 pandemic, in isolation, does not constitute an "extraordinary circumstance" warranting equitable tolling.

## VI. **FINDINGS AND CONCLUSIONS**

The undersigned makes the following findings and conclusions:

1. Petitioner's conviction was entered on March 9, 2016. (ECF 23-15 at 140-41). Petitioner's petition for discretionary review was denied on October 24, 2018. *West v. State*, No. PD-0698-18. Petitioner did not file a writ of certiorari; thus, the conviction was made final on January 22, 2019.

2. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

3.  Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's convictions becoming final.

4.  Petitioner's federal habeas corpus petition was thus due on or before **January 22, 2020**, at the latest, unless statutorily or equitably tolled.

5.  Petitioner's state habeas application(s) regarding the instant action, filed on **April 6, 2020**, and denied on **September 9, 2020**, was filed after the **limitations periods ended** and had no tolling effect.

6.  Petitioner has not demonstrated that he is entitled to any periods of equitable tolling.

7.  Petitioner's federal habeas corpus application, filed **October 21, 2021** when it was placed in the state prison mailing system, was filed approximately twenty-one (21) months after the expiration of the statute of limitations and **is time barred**.

## VII.   RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed March 10, 2022 (ECF 22), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner DAVID FRANKLIN WEST be DISMISSED with prejudice as time barred.

## VIII.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 8, 2023.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).